RICHMOND *v.* RAILWAY REGISTER MANUF'G Co.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

.♣ TION BY EXECUTOR—CONTRACT OF TESTATOR—FOR BENEFIT OF HEIRS.

By a contract between R. and defendant, R. was to receive, for introducing into use within certain territory certain devices of defendant, a royalty on each device used in the territory; and it was provided that the death of R. should not work as a forfeiture of his rights, "but his heirs and assigns shall enjoy the benefits in full of whatever of business may be in force at that time in his territory," provided they should furnish a competent person, satisfactory to defendant, to take charge of R.'s business. *Held,* that the word "heirs" included R.'s next of kin, or the persons entitled to his personal estate, and that his executrix could maintain an action against defendant for an accounting in respect to business subsequent to his death, on showing a compliance with the contract.

Appeal from special term, New York county.

Action by Rosalind C. Richmond, executrix of Alfred W. Richmond, deceased, against the Railway Register Manufacturing. Company, for an accounting. Defendant appeals from an interlocutory judgment overruling a demurrer to the complaint.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Sprague, Morey, Sprague & Brownell, (E. C. Sprague,* of counsel,) for appellant. *Evarts, Choate & Beaman, (Treadwell Cleveland* and *Allen W. Evarts,* of counsel,) for respondent.

BRADY, J. It appears from the complaint, and is admitted by the demurrer, that on the 18th of May, 1881, a contract was made between the defendant and Alfred W. Richmond, by which the latter was to receive, under the circumstances detailed in the contract, a specified royalty on each device of the defendant used in the territory covered by the contract. In it is contained the following clause: "In case of the death of the party of the second part, (to-wit, the said Alfred W. Richmond,) it shall not work as a forfeiture as far as the rights of the party of the second part are concerned, but his heirs and assigns shall enjoy the benefits in full of whatever of business may be in force at that time in his territory, provided they shall furnish a suitable and competent party, satisfactory to the party of the first part, (to-wit, the Railway Register Manufacturing Company,) to take charge of the business of the party of the second part; but any further business that may be obtained by the party of the first part after the death of the party of the second part shall revert to the party of the first part in full, and the heirs and assigns of the party of the second part shall make no claims to any part of such business so obtained without the consent of the party of the first part;" on the provisions of which the plaintiff bases her claim for an accounting in respect to a share of the profits in its business. It is alleged that Richmond entered upon the performance of the duties imposed upon him by the contract, and continued to discharge them down to the time of his death, on the 21st of November, 1881, fully and faithfully; that at the time of his death the business provided for and covered by the agreement was in force in the territory allotted to him, the benefit of which it was provided, as we have seen, should be enjoyed by his heirs and assigns, and which were claimed by this plaintiff, as the executrix of his last will and testament; that after the death of Richmond, one Beadle, who had acted as book-keeper, and whom Richmond was required to furnish to attend to the business, continued in the employ-

ment of the defendant, and was accepted by it as a suitable and competent party satisfactory to it, as is provided by the contract, to take charge of the business and affairs at the time of his death, who thereupon undertook the charge of such business, and thereafter so continued, and has ever since continued, and still continues, in the employment of the defendant in charge of said business. It is also alleged that the defendant has caused to be paid to the plaintiff, and the plaintiff has received from time to time, various sums of money on account of her share as executrix of the profits of the business mentioned, but the just and full amount of such shares has never been paid, and a large balance still remains due and owing on account thereof; also that defendant has often been requested, but has neglected and refused, and still neglects and refuses, to render any account of the business mentioned or the profits, or the amount of profits due and owing to the plaintiff as her share from the same under the agreement aforesaid. The plaintiff then demands that the defendant fully account to her, in respect to the business mentioned, from the time of the death of Mr. Richmond to the date of the account. The defendant demurred, upon the ground that it appears upon the face of the complaint that it does not state facts sufficient to constitute a cause of action. The proposition of the learned counsel for the appellant is that the plaintiff cannot maintain this action unless the benefits of the contract accruing after Mr. Richmond's death are personal assets, forming a part of his estate, and for which the executrix may sue. The learned justice in the court below has disposed of this question in a brief opinion presenting the satisfactory result that the demurrer should be overruled. His conclusions are that the word "heirs" used in the contract did not vest the testator's interest in it in them. It was evidently used to include his next of kin, or the persons entitled to his personal estate, and to enable such persons to enjoy the benefit of the business; that the right to the benefits of the business acquired at the time of Richmond's death vested in his personal representative, and therefore the action was properly brought by the present plaintiff. The subject is one which is susceptible of great elaboration, but that process is entirely unnecessary. It will have been observed that, although the heirs and assigns should enjoy the benefits in full of whatever business might be in force at the time of the testator's death, they were to furnish a suitable and satisfactory party to the defendant to take charge of its business; and this confirms the view already expressed by the learned justice in the court below, that the design was, not to vest his interest in the heirs at law wholly and absolutely, but to secure it to them through the instrumentality of his personal representative in case of his death, to whom, in the ordinary course of legal transit, such personal claims would pass, and by whom it should be enforced. The testator evidently designed, and the contract should be so construed, that whatever business had been created by him under the contract, which was unfinished at the time of his death, should be carried out as an asset growing out of the contract which he made; and, while it might be regarded as the property of his heirs in case of his death, it should be enforced, if any legal proceeding were necessary by his personal representative, and thus collated and secured. For these reasons it is thought the judgment appealed from should be affirmed, with costs. All concur.